IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

MONTA BANKS,

      Defendant.

Criminal No. 18-0152-018
ELECTRONICALLY FILED

## MEMORANDUM ORDER

Before the Court is Defendant Monta Banks' counseled Addendum to Motion to Withdraw Guilty Plea (ECF 1451). The Government filed a response. ECF 1461. The Court will DENY Defendant's addendum to his motion for the reasons set forth below.

**I. Standard of Review**

With respect to Defendant's Motion to Withdraw Guilty Plea, Rule 11(d)(2)(B) of the Federal Rules of Civil Procedure indicates as follows:

> A defendant may withdraw a plea of guilty or nolo contendere:
>
> (1) before the court accepts the plea, for any reason or no reason; or
>
> (2) after the court accepts the plea, but before it imposes sentence if:
>
> > (A) the court rejects a plea agreement under Rule 11(c)(5); or
> >
> > (B) the defendant can show a fair and just reason for requesting the withdrawal.

When interpreting Rule 11, this Court acknowledges the guidance provided by the Court of Appeals for the Third Circuit as follows:

> Once a court accepts a defendant's guilty plea, the defendant is not entitled to withdraw that plea simply at his whim. *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001); *United States v. Martinez*, 785 F.2d 111

>   (3d Cir. 1986). Rather, pursuant to Federal Rule of Criminal Procedure 32(e), a defendant must have a "fair and just reason" for withdrawing a plea of guilty. 6 Fed.R.Cr.P. 32(e); *Brown*, 250 F.3d at 815. A district court must consider three factors when evaluating a motion to withdraw a guilty plea: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal. *Brown*, 250 F.3d at 815; *United States v. Huff*, 873 F.2d 709, 711 (3d Cir. 1989). The burden of demonstrating a "fair and just" reason falls on the defendant, and that burden is substantial. *United States v. Hyde*, 520 U.S. 670, 676–77, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997); *United States v. Isaac*, 141 F.3d 477, 485 (3d Cir. 1998). "A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *Brown*, 250 F.3d at 815 (quoting *United States v. Jones*, 979 F.2d 317, 318 (3d Cir. 1992), superseded by statute on other grounds as stated in, *United States v. Roberson*, 194 F.3d 408, 417 (3d Cir.1999)).

*United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003).

## II. Background

On June 12, 2018, a federal grand jury sitting in the Western District of Pennsylvania returned a four-count indictment against Defendant at Criminal No. 18-150 ("case 150"). On October 16, 2019, case 150 was terminated as to Defendant, because on October 8, 2019, a superseding indictment was filed at case number 18-cr-0152 ("case 152"). In case 152, Defendant was charged with four counts of conspiracy to possess with intent to distribute heroin, crack, and cocaine; one count of possession with intent to distribute a quantity of heroin, cocaine, and fentanyl; and one count of a felon in possession of a firearms and ammunition. On December 11, 2019, Defendant pled guilty to two conspiracy charges (counts 4 and 5), the possession charge (count 7), and a lesser included offense at count 3 (also a conspiracy charge).

On August 28, 2020, Defendant filed a motion to withdraw his guilty plea. ECF 1181. Specifically, Defendant claimed he was innocent and that he had "misunderstandings" about his plea agreement. Id. Denying Defendant's motion to withdraw his guilty plea, the Court on

September 18, 2020, held that the change of plea hearing transcript belied Defendant's claim of innocence and Defendant's alleged lack of understanding as to the charges to which he was pleading guilty. Id. In its memorandum order, this Court reprinted large portions of Defendant's change of plea hearing transcript highlighting that even after Defendant was warned twice that he was under the penalty of perjury for making a false statement, he admitted to the detailed factual statement of his crimes, and stated that he fully understood the rights he would be giving up by pleading guilty. Id.

**III. Analysis**

In the instant matter, Defendant primarily argues that a change in the law has occurred and because of this change, Defendant claims to be entitled to withdraw his guilty plea. Specifically, Defendant claims the United States Court of Appeals for the Third Circuit in *United States v. Nasir*, 982 F.3d 144, 160 (3d Cir. 2020), defined a "controlled substance offense" when determining whether a defendant should be considered a career criminal for sentencing purposes. In its *Nasir* opinion, the Court of Appeals concluded, "that inchoate crimes are not included in the definition of 'controlled substance offenses' given in section 4B1.2(b) of the sentencing guidelines." Id.

The United States Sentencing Guidelines indicate that Defendant is considered to be a "career offender" if: (1) Defendant was at least 18 years old at the time he committed the instant offense; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) Defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1.

Turning to the instant matter, Defendant contends that he cannot be considered a career offender because he pled guilty in the instant case to three counts of conspiracy – all of which are

inchoate crimes – and he has pled guilty in the past to other inchoate crimes.  Thus, Defendant suggests that his current and prior crimes should not count toward his career offender status as his Presentence Investigation Report suggests.

Defendant is correct that his present and past inchoate crimes of conspiracy are not controlled substance crimes under *Nasir,* and thus, do not contribute to his career offender designation.  Therefore, the sections of Defendant's presentence investigation report which suggest that Defendant is a career offender due to his past and present crimes of conspiracy may not be used to establish his career offender status under *Nasir.*   However, based on Defendant's criminal history set forth in the "Criminal History" section of his presentence investigation report, it appears as though Defendant has had three prior felony convictions for <u>possession</u> of a controlled substance,[1] and he pled guilty in this case to a possession charge making the instant offense a controlled substance offense.  ECF 1057.  Therefore, because of his past and present convictions for possession, Defendant meets the criteria for a career offender designation.

Accordingly, although there has been a change in the law through the *Nasir* decision, Defendant still meets the criteria for a career offender designation and thus, his second request to withdraw his guilty plea is DENIED.

**SO ORDERED** this 19th day of May, 2021.

 s/ Arthur J. Schwab
 Arthur J. Schwab
 United States District Judge

cc:     All ECF Registered Counsel of Record

---

[1] Defendant's possession of a controlled substance convictions occurred in 2009 when he was 18 years old (ECF 1057, ¶43), again 2010 (ECF 1057, ¶44), and a third charge in 2014 (ECF 1057, ¶ 46).