IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

MONTA BANKS, et al.

    Defendants.

Criminal No. 18-0152-18
ELECTRONICALLY FILED

**MEMORANDUM OPINION DENYING DEFENDANT MONTA BANKS' *PRO SE*
MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)
(ECF 1924)**

Pending is Defendant Monta Banks' *pro se* Motion for Reduction of Sentence Pursuant to

18 U.S.C. § 3582(c)(2), commonly referred to as "Amendment 821." (ECF 1924). On June 15,

2021, Defendant was sentenced to a 150-month term of imprisonment at Counts 3, 4, 5 and 7 to

be served concurrently, to be followed by a 6-year term of supervised release at Counts 3, 4, 5,

and 7 to be served concurrently. Although not expressly stated, it appears that Defendant is

asking this Court to reduce his term of imprisonment by 38 months.  See ECF 1924.

The Government timely filed a Response in Opposition (ECF 1969), making this matter

ripe for adjudication. For the reason that follows, the Court finds that Defendant is ineligible for

the sentence reduction and will, therefore, deny his motion.

**I. Background**

On June 12, 2018, Defendant was indicted (along with 11 other co-defendants) at

criminal number 18-cr-150 in *United States v. Monta Banks, et.al.*. Also on June 12, 2018,

twenty-three other defendants were indicted at criminal number 18-cr-152, in *United States v.*

*Jewell Hall et. al.* Initially, Defendant was only indicted *United States v. Monta Banks, et.al..* (hereinafter referred to as "18-cr-150").

On October 8, 2019, a superseding indictment was returned by the grand jury against Defendant, his five remaining co-defendants from criminal case number 18-cr-150, and the Co-Defendants in criminal case number 18-cr-152. See ECF 601 and ECF 602, case no. 18-cr-152. In the superseding indictment, Defendant was charged with: (1) conspiracy to possess with intent to distribute and to distribute 280 grams or more of cocaine base at Count One of the superseding indictment; (2) conspiracy to possess with intent to distribute and to distribute 28 grams or more of cocaine base at Count Three of the superseding indictment; (3) conspiracy to possess with intent to distribute and to distribute a quantity of heroin at Count Four of the superseding indictment; (4) conspiracy to possess with intent to distribute and to distribute a quantity of cocaine at Count Five of the superseding indictment; (5) possession with intent to distribute and distribution of a mixture and substance containing detectable amounts of heroin, cocaine, and fentanyl at Count Seven of the superseding indictment; and (6) a felon in possession of a firearm and ammunition at Count Eight of the superseding indictment.

Defendant was arraigned on the superseding indictment on November 15, 2019. Shortly thereafter, Defendant and the Government resumed their plea deal discussions. These discussions eventually led the Government to extend a second formal plea offer on November 22, 2019 ("the 2019 Plea Offer") which contained a stipulated sentence, and which ultimately became the signed plea agreement, which this Court approved, in this case. ECF 1773-3.

On June 15, 2020, the Court sentenced Defendant in accordance with his stipulated plea agreement -- and as a career offender -- to concurrent terms of 150 months imprisonment at Counts 3, 4, 5, and 7. Defendant was also sentenced to 6 years of supervised release (to be served

concurrently) upon his release from prison. At the end of the hearing, the Court granted the Government's motion to withdraw Counts 1 and 8 of the superseding indictment.

Notably, Defendant's 150-month term of imprisonment was below his guideline range of 188-235 months imprisonment, which was based on an offense level of 31, and a criminal history score of VI. ECF 1498.

**II. Analysis**

Title 18, United States Code, Section 3582(c)(2) indicates that a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission, may request, and a Court may grant, a reduction to his sentence (after considering the 18 U.S.C. § 3553(a) factors), if such a reduction is consistent with the applicable policy statements issued by the Commission.  The policy statements at issue are set forth at U.S.S.G. § 1B1.10, which, allow this Court to reduce Defendant's sentence, at its discretion.

In *Dillon v. U.S.*, 560 U.S. 817 (2010), the United States Supreme Court established a "two-step inquiry" for determining whether a reduction of sentence under 18 U.S.C. § 3582(c) is warranted.  At step one, the Court is "to follow the Commission's instructions from § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Id. at 826.  Section § 1B1.10(b)(1) instructs a court to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced.  In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."  § 1B1.10(b)(1).

"At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

Based upon the foregoing law, this Court finds that Defendant fails to meet step one of the two-part *Dillon* inquiry – *i.e.,* the amended guideline range that would have been applicable to this Defendant if the amendments to the guidelines listed in subsection (d) had been in effect at the time Defendant was sentenced.

Defendant's career offender designation invalidates any impact Amendment 821 might have on his guideline range. This is because Defendant's criminal history category was determined to be a VI due to his career offender status pursuant to U.S.S.G. § 4B1.1, without regard to criminal history points. See doc. no. 1057, ¶ 52 (". . . the defendant has prior controlled substance offenses that all include Possession with Intent to Distribute Heroin at Allegheny County Docket Nos.: CP-02-CR   9617-2009, CP-02-CR-6655-2010, CP-02-CR-6559-2014, and CP-02-CR-478-2016. Pursuant to the provisions found in USSG §4B1.1, the defendant is a Career Offender and his criminal history category must be VI.").

Defendant objected to paragraph 52 of the Presentence Investigation Report, specifically, his designation as a career criminal. See ECF 1129. The Probation Officer issued two addenda to the Presentence Investigation Report defending the career offender designation. See ECF 1130 and ECF 1457 ("After reviewing the relevant factors again, the probation officer finds that the defendant is still a career offender for the following reasons. First, he was 29 years old when he committed the instant offense. Second, Count 7 of the superseding indictment (Distribution of a Quantity of Heroin, Cocaine and Fentanyl) is a controlled substance offense as set forth in

4

section 4B1.2(b) of the sentencing guidelines. Third, even with the removal of one of the prior

inchoate convictions (Paragraph 48), the defendant still has three prior felony convictions for

controlled substance offenses (Paragraphs 43, 44 and 46).").

      In light of his objection to the career criminal designation, this Court held that Defendant

had been convicted of three prior choate crimes – possession of a controlled substance – and that

he pled guilty in the instant case to his fourth possession charge. Because Defendant had three

prior serious felony convictions for controlled substances the Court held that Defendant would be

sentenced with a criminal history score of VI due to his career offender status. ECF 1463 and

ECF 1543. Although Defendant appealed his sentence, the United States Court of Appeals for

the Third Circuit issued a summary affirmance and dismissed the Defendant's appeal.

      Thus, at the time of his sentencing, Defendant was properly designated as a career

offender, and still remains a career offender because of the nature of his three predicate offenses,

to which the *Nasir* decision does not apply. As such, Amendment 821's suggested changes to

Defendant's criminal history point score (where two points would be deducted from his total

criminal history point score of "13" for a new total of "11"), has absolutely no bearing

whatsoever on Defendant's criminal history category of "VI," due to Defendant's career offender

designation. See U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every

case under this subsection shall be Category VI.") (emphasis added); see also *United States v.*

*Ramos*, Crim. A. No. 08-274-2, 2024 WL 1659884, at *3 (E.D. Pa. April 17, 2024) (concluding

that "Amendment 821 did not change career offender's criminal history category or lower his

Guidelines range").

**III. Conclusion**

Accordingly, because Defendant has failed to meet the first part of the two-part inquiry, the Court finds Defendant ineligible for the sentence reduction. An appropriate Order shall follow.

ARTHUR J. SCHWAB
United States District Judge

Dated: June 26, 2024

cc:     All ECF Registered Counsel of Record